STATE FARM FIRE & CASUALTY COMPANY, Plaintiff/Respondent,

v.

Sandra A. BERRA and Anthony L. Berra, Defendants/Appellants.

No. 65879.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 10, 1995.

James M. Martin, Heidi Leopold, St. Louis, for appellants.

Gary P. Paul, St. Louis, for respondent.

GRIMM, Chief Judge.

In the underlying action, wife sued husband. She alleged she sustained personal injuries as a result of husband's negligent operation of a boat behind which she was skiing.

Husband had a State Farm boat owner's policy. State Farm brought this declaratory action. The trial court ruled that State Farm had no duty under the policy to defend or indemnify husband. Wife appeals; we affirm.

She alleges two points of error. First, she maintains the trial court erred in finding that she is specifically excluded from coverage under the terms of the insurance policy. We disagree; the policy's household exclusion clause and applicable definitions specifically exclude wife from coverage. Second, she contends the household exclusion clause is void because of public policy. We disagree; the clause does not violate public policy.

I. Insurance Policy

State Farm's policy contains a section called Coverage L—Watercraft Liability. It provides coverage for an insured "for damages because of bodily injury or property damage resulting from the ownership, maintenance or use" of the boat for which the insured is legally liable.

However, Section II—Exclusions, paragraph 2A, commonly referred to as a household exclusion clause, says:

2. Coverage L—Watercraft Liability does not apply to:

   A. bodily injury to you or an insured within the meaning of part A or B of the definition of insured.

The general "definitions" section of the policy contained the following:

Throughout this policy "you" and "your" mean: (a) the "named insured" shown in the Declarations; (b) the spouse if a resident of the same household.

\* \* \* \* \* \*

"insured" means you and the following residents of your household:

A. your relatives;

B. any other person under the age of 21 who is in the care of any person named above.

Husband was the named insured on the Declarations. At the time of the accident, husband and wife were married and living in the same household. They have since divorced and have entered into an agreement restricting any recovery to the extent that the policy provides coverage.

## II. Coverage

In her first point, wife alleges the trial court erred in finding that she was not entitled to coverage. Wife makes two arguments.

First, wife contends that the policy language did not specifically exclude her from coverage. She argues that she does not fall under any of the household exclusion provisions.

■ Generally, if a term is defined in an insurance policy, we look to that definition and nowhere else. *Hrebec v. Aetna Life Ins. Co.*, 603 S.W.2d 666, 671 (Mo.App.E.D.1980). Parties may utilize terms in a policy as they see fit and, absent statutory restrictions, will be bound by the definitions they choose. *Oliver v. Cameron Mut. Ins. Co.*, 866 S.W.2d 865, 870 (Mo.App.E.D.1993).

■ Here, the household exclusion clause specifies that liability coverage does not extend to *"you* or an insured within the meaning of part A or B of the definition of insured." (emphasis added). Under the definitions section, "you" is defined as the named insured and a spouse if a resident of the same household.

Anyone who meets the definition of "you" is excluded from coverage. The parties stipulated that husband and wife were married and living in the same household at the time of the accident. Wife is obviously excluded from the coverage of this policy.

Wife next maintains the policy language is ambiguous. Specifically, she alleges the term "you" can have various interpretations.

■ Ambiguity exists in an insurance policy when there is duplicity, indistinctness, or uncertainty in the meaning of words used in the policy. *Peters v. Employer's Mut. Cas. Co.*, 853 S.W.2d 300, 302 (Mo. banc 1993). If a policy is unambiguous, it will be enforced as written absent a statute or public policy requiring coverage. *Id.*

■ Here, the policy definition of "you" means "the spouse if a resident of the same household." This policy definition is clear and unambiguous. *See Sciaudone v. Steuk*, 128 N.H. 261,[1] 512 A.2d 1108, 1110 (1986). Accordingly, the trial court correctly determined that wife was excluded from the policy. Point denied. ·

## III. Validity of Household Exclusion

In her final point, wife contends that the household exclusion is void because of public policy. In support of this argument, wife points to *Halpin v. American Family Mut. Ins. Co.*, 823 S.W.2d 479 (Mo. banc 1992). Wife alleges this case "can be seen as a major blasting away at household exclusionary clauses based on judicial trends and legislative intent to abrogate the validity of the household exclusion."

Wife's reliance on *Halpin* is misplaced. *Halpin* addressed the effect of the Motor Vehicle Financial Responsibility Law (MVFRL), § 303.010 *et seq.*,[2] on household exclusion clauses. The MVFRL requires operators of motor vehicles to maintain minimum liability insurance or other means of financial responsibility. *See* §§ 303.025, 303.160, 303.190. The Missouri Supreme Court held that household exclusion clauses were invalid up to the statutorily required minimum coverage of the MVFRL. *Halpin*, 823 S.W.2d at 482–83.

■ However, *Halpin* did not render household exclusion clauses entirely void. To the contrary, it specifically recognized "freedom of contract in liability insurance." *Id.* at 483; *see also State Farm Mut. Auto.*

---

**1.** This New Hampshire Supreme Court decision was written by then Justice David Souter. In the opinion, he says: "The ambiguity argument fails, however, for the simple reason that there is nothing arguably ambiguous in the policy's definition of 'you.' ... It could not be clearer."

**2.** All statutory references are to RSMo 1986, unless otherwise specified.

*Ins. Co. v. Zumwalt,* 825 S.W.2d 906, 909 (Mo.App.S.D.1992). Household exclusion clauses in motor vehicle liability policies above the minimum required coverage are still valid. *Halpin,* 823 S.W.2d at 483; *Zumwalt,* 825 S.W.2d at 909.

Further, the MVFRL does not apply to watercraft. *See* § 303.020(5), RSMo Cum Supp.1993. Thus, *Halpin* does not affect the household exclusion clause in the present case.

Wife raises an alternate argument in her reply brief. She contends that husband's boat should be considered a "motor vehicle" for purposes of the MVFRL.

This argument has no merit. The MVFRL defines "motor vehicle" as a "self-propelled vehicle which is *designed for use upon a highway*...." § 303.020(5), RSMo Cum Supp.1993 (emphasis added). A watercraft does not fit into this category. *See In re Race,* 159 B.R. 857, 861 (W.D.Mo.1993). Point denied.

The trial court's judgment is affirmed.

SMITH and CARL R. GAERTNER, JJ., concur.