Mark HOBBS, Plaintiff/Appellant,

v.

FARM BUREAU TOWN & COUNTRY INSURANCE COMPANY OF MISSOURI, Defendant/Respondent.

No. 72362.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Jan. 20, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 24, 1998.

Application for Transfer Denied
May 26, 1998.

Richard L. Hughes, St. Louis, for appellant.

Stephen C. Wilson, Jackson, for respondent.

RHODES RUSSELL, Judge.

Plaintiff Mark Hobbs appeals from summary judgment entered in favor of Farm Bureau Town & Country Insurance Company ("insurer") on plaintiff's action to recover uninsured motorist benefits under his parents' automobile insurance policies. The trial court granted insurer's motion for summary judgment and denied plaintiff coverage under the uninsured motorist provisions of his parents' policies. The issue on appeal is whether the trial court correctly determined that plaintiff was not entitled to uninsured motorist coverage resulting from an accident with an uninsured automobile while plaintiff was operating his parents' tractor. We reverse and remand.

Plaintiff's damages resulted from personal injuries he sustained on August 11, 1995, when an uninsured automobile collided with the tractor plaintiff was operating on Highway C in Scott County. Plaintiff's parents were the owners of the tractor. At the time of the accident, plaintiff was twenty years old and lived with his parents. Prior to the accident, insurer had issued eleven automobile insurance policies to plaintiff's parents, each of which provided $300,000 uninsured motorist protection to an insured when injured by an uninsured motorist.

Plaintiff's parents received a letter from insurer's claims representative denying plaintiff uninsured motorist coverage. Specifically, the letter stated that:

The policy *excludes* coverage for "bodily injury to an insured while occupying a motor vehicle (other than an insured vehicle) owned by the named insured, his spouse, or a relative, or through being struck by such a motor vehicle ..." The policy definition of motor vehicle reads "a land motor vehicle or trailer other than (a) a farm tractor or any vehicle, equipment, or machinery designed for use principally off public roads while not upon public roads ..." As Mark was operating a farm tractor on a public road at the time of the accident, coverage under the Uninsured Motorist provisions of your policy are specifically excluded.

Plaintiff filed suit in the Circuit Court of Cape Girardeau County. Plaintiff asserted two counts in his petition. In Count I, plaintiff alleged that he was struck by an uninsured motorist, and that he was covered by the uninsured motorist provisions in his parents' insurance policies. Plaintiff further alleged that insurer's refusal to pay his claim for damages constituted vexatious refusal to pay under sections 375.296 and 375.420, RSMo 1994.[1] In Count II, plaintiff alleged, that in the event plaintiff was not afforded uninsured motorist coverage because of the exclusionary provision, then plaintiff's failure to have uninsured motorist coverage was caused by insurer and its agent's negligence.

Both plaintiff and insurer moved for summary judgment on Count I. In his motion for summary judgment, plaintiff alleged that he was a policy insured under the terms of the eleven automobile insurance policies, and that as an insured he was entitled to uninsured motorist coverage. In insurer's motion for summary judgment, it alleged that plaintiff was excluded from uninsured motorist coverage under the policies in that plaintiff, at the time of the accident, was occupying a motor vehicle (other than an insured automobile) owned by the named insureds (plaintiff's parents).

The trial court granted insurer's motion for summary judgment as to Count I and denied plaintiff's motion for summary judgment as to Count I. Thereafter, plaintiff voluntarily dismissed Count II of his petition without prejudice. This appeal follows.

Plaintiff raises four points on appeal. In his first point, plaintiff contends the trial

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

court erred in granting insurer's motion for summary judgment and denying his motion for summary judgment because under section 379.203, any exclusionary clause, unambiguous or otherwise, which attempts to restrict uninsured motorist coverage to policy insureds injured by uninsured motorists is void because it violates Missouri's public policy. In his second point, plaintiff maintains that the trial court erred in granting insurer's motion for summary judgment because insurer's policy definition, which attempts to define a farm tractor as a motor vehicle when it is on a public highway, is void because it conflicts with the statutory definition of motor vehicle contained in section 303.020(5). In his third point, plaintiff argues the trial court erred in granting insurer's motion for summary judgment in that he was entitled to coverage under a "reasonable expectations" interpretation of the policies. In his fourth and final point, plaintiff contends the trial court erred in granting insurer's motion for summary judgment because insurer's policy definitions in its other owned vehicle exclusion are confusing, contradictory, and ambiguous, and therefore, must be interpreted strictly against insurer to provide coverage. Because we find point number four to be dispositive, we do not address plaintiff's first three points.

The purpose of summary judgment is to terminate litigation about which there is no genuine factual dispute and where the prevailing party can be determined as a matter of law. *ITT Commercial Finance Corp. v. Mid–America Marine Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). When reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard as the trial court. *Id.* Thus, no deference is given to the trial court's judgment. *Id.*

The interpretation of an insurance policy is a question of law for the court. *Killian v. Tharp*, 919 S.W.2d 19, 21 (Mo.App. 1996). Insurance policy language which is unambiguous must be given its plain and ordinary meaning. *American Economy Insurance Co. v. Otte*, 869 S.W.2d 179, 182 (Mo.App.1993); *Fred Weber, Inc. v. Granite State Insurance Co.*, 829 S.W.2d 589, 591 (Mo.App.1992). Thus, we turn to the provisions of the automobile insurance policies in order to determine whether "as a matter of law" the policy is unambiguous and whether plaintiff's damages are covered under the uninsured motorist provisions.

The insurance policies first define the following relevant terms:

1. **Automobile-** means a self-propelled, land motor vehicle with at least four wheels, not operated on rails or crawler treads, but does not mean (a) a farm type tractor or any other vehicle, equipment, or machinery designed for use principally off the public roads, or (b) a vehicle while located for use as a residence or premises.
* * * * *

4. **Described automobile-** means the vehicle described in the Declarations and includes a temporary substitute automobile as herein defined.

5. **Motor vehicle-** means a land motor vehicle or trailer other than (a) a farm type tractor or any vehicle, equipment, or machinery designed for use principally off public roads while not upon public roads, (b) a vehicle operated on rails or crawler treads, or (c) a vehicle while located for use as a residence or premises, or (d) motorcycles, motorscooters, mini-bikes.
* * * * *

7. **Occupying-** means in or upon, entering into or alighting from.
* * * *

9. **Relative-** means a person related to the named insured or spouse by blood, marriage, or adoption and who is a resident and actually living in the same household as the named insured, provided that neither such relative nor his spouse owns, in whole or in part, an automobile.

The automobile liability insurance section of the policies begins:

1. **Coverage A–** Bodily injury liability; **Coverage B–** Property damage liability- [Insurer] will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

A. Bodily injury sustained by any person;

B. Property damage sustained by any person;

caused by accident and arising out of the ownership, maintenance, or use of the described automobile or non-owned automobile . . .

**4. Persons Insured–** With respect to the insurance afforded under Coverage A and B, the following are insureds:

(a) With respect to the described automobile, (1) the named insured, and, if an individual, his spouse, (2) any other person using such automobile with the permission of the named insured or his spouse provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and (3) any other person or organization but only with respect to his or its liability because of acts of omissions of an insured under (a)(1) or (a)(2) above.

(b) With respect to a non-owned automobile, (1) the named insured, and if an individual, his spouse, (2) any resident of the same household who is related to the named insured, provided his or her actual operation or (if he or she is not operating) the other actual use thereof by the named insured, his spouse or relative is with the permission of the owner of such automobile and is within the scope of such permission, and (3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of the named insured or his spouse under (b)(1) above.

**IV—UNINSURED MOTORIST INSURANCE**

**1. Coverage D– Uninsured Motorists (Damages for Bodily Injury)-**

[Insurer] will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident or arising out of the ownership, maintenance or use of such uninsured motor vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so

the amount thereof, shall be made by agreement between the insured or such representative and [insurer].

* * * *

**2. Definitions-** With respect to the insurance afforded under Coverage D, the definitions on Page 2 and these following definitions apply:

**"insured" means:**

(a) The named insured, his spouse and any relative;

* * * *

**3. Exclusions–Coverage D does not apply:**

(a) To bodily injury to an insured while occupying a motor vehicle (other than an insured automobile) owned by the named insured, his spouse, or a relative, or through being struck by such a motor vehicle; . . .

In his fourth point, plaintiff argues the trial court erred in granting insurer's motion for summary judgment because insurer's policy definitions in its other owned vehicle exclusion are confusing, contradictory, and ambiguous, and therefore, must be interpreted strictly against insurer to provide coverage. We agree.

 Generally, if a term is defined in an insurance policy, we look to that definition and nowhere else. *State Farm Fire & Casualty Co. v. Berra,* 891 S.W.2d 150, 152 (Mo. App.1995). If a term within an insurance policy is clearly defined, the contract definition controls. *State Farm Mutual Automobile Insurance Co. v. Ballmer,* 899 S.W.2d 523, 525 (Mo.1995). However, the definition itself must be clear and unambiguous, otherwise an Appellant Court is free to give a reasonable construction to the term, applying general contract principles, with doubts being resolved in the favor of the insured. *Hrebec v. Aetna Life Insurance Co.,* 603 S.W.2d 666, 671–672 (Mo.App.1980). An ambiguity occurs when language of an insurance policy is open to different constructions, or results in duplicity, indistinctness, or uncertainty in meaning. *Polston v. Aetna Life Insurance Co.,* 932 S.W.2d 786, 788 (Mo.App. 1996). Language in an insurance policy is ambiguous if it is reasonably open to different constructions, and the language used will

be viewed in the light of the meaning that would ordinarily be understood by a layman who bought and paid for the policy. *O'Connor v. State Farm Mutual Auto. Ins. Co.*, 831 S.W.2d 748, 751–752 (Mo.App.1992). If an insurance policy is open to different constructions, the one most favorable to the insured must be adopted. *Missouri Property and Casualty Insurance Guaranty Association v. Petrolite Corp.*, 918 S.W.2d 869, 872 (Mo.App.1996).

▪ In its memorandum in support of its motion for summary judgment, insurer argued that the basis for determining whether the exclusionary provision applied depended on whether or not the farm tractor plaintiff was operating upon a public road was considered a "motor vehicle" under the policy. Insurer argued that if the tractor was not considered a motor vehicle then the exclusion did not apply. Insurer contends the tractor was a motor vehicle at the time of the accident because the tractor was being operated upon a public road. Insurer bases this argument on the definition of "motor vehicle" found in the policies, which is as follows:

> 5. **Motor vehicle-** means a land motor vehicle or trailer other than (a) a farm type tractor or any vehicle, equipment, or machinery designed for use principally off public roads while not upon public roads, (b) a vehicle operated on rails or crawler treads, or (c) a vehicle while located for use as a residence or premises, or (d) motorcycles, motorscooters, mini-bikes.

The policies define a motor vehicle as a land motor vehicle or a trailer. The policies go on to exclude from the motor vehicle definition "a farm type tractor or any vehicle, equipment, or machinery designed for use principally off public roads while not upon public roads." Insurer argues that a farm type tractor is excluded from the definition of a motor vehicle except when the tractor is being used upon a public road.

▪ We note that the exclusion "a farm type tractor or any vehicle, equipment, or machinery designed for use principally off public roads while not upon public roads ..." is ambiguous. The phrase could be interpreted to exclude (a farm type tractor) or (any vehicle, equipment, or machinery designed for use principally off public roads

while not upon public roads) from the definition of a motor vehicle so as to exclude a farm type tractor regardless whether it was upon a public road or not. However, the phrase could equally be taken to exclude (a farm type tractor while not upon public roads) or (any vehicle, equipment, or machinery designed for use principally off public roads while not upon public roads) so as to include a farm tractor as a motor vehicle when used upon a public road. Given the fact that the definition of motor vehicle is reasonably susceptible to more than one meaning or interpretation, we adopt the interpretation most favorable to plaintiff. *See, Meyer Jewelry Co. v. General Insurance Co.*, 422 S.W.2d 617, 623 (Mo.1968). Therefore, we conclude that the definition of "motor vehicle" does not include a "farm type tractor." As such, the provision excluding plaintiff from uninsured motorist coverage does not apply in that, by definition, plaintiff was not occupying a "motor vehicle" at the time of his accident.

The granting of summary judgment by the trial court in insurer's favor is reversed and remanded for further proceedings consistent with this opinion.

CRAHAN, C.J., and JAMES R. DOWD, J., concur.