Sarah ULSAS, Plaintiff/Respondent,

v.

**PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, Defendant/Appellant.**

**No. ED 91558.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 27, 2009.

---

Daniel E. Wilke, Laura Amanda Lageson, Saint Louis, MO, for Appellant.

John Francis Cooney, Dana McKitrick, Clayton, MO, for Respondent.

SHERRI B. SULLIVAN, J.

### Introduction

Progressive Northwestern Insurance Company (Progressive) appeals from the circuit court's judgment granting Sarah Ulsas's (Ulsas) motion for summary judgment. We reverse and remand.

### Factual and Procedural Background

Progressive issued Jack Campbell an insurance policy (policy) covering a 2003 Sea–Doo GTX (Sea–Doo) owned by Jack Campbell for the period from May 23, 2004 through May 23, 2005. On July 10, 2004, Ulsas was operating the Sea–Doo with Jack Campbell's permission. Ulsas and the Sea–Doo collided with the personal watercraft being operated by Justin Campbell, Jack Campbell's son. Justin Campbell filed a lawsuit in the Circuit Court of St. Louis County alleging bodily injuries resulting from the collision.

Ulsas sought coverage under the policy, requesting Progressive provide for her de-

fense and indemnify her for any potential liability she may incur in Justin Campbell's lawsuit. Progressive denied Ulsas's request.

On September 12, 2007, Ulsas filed a Petition for Declaratory Judgment alleging that, pursuant to the policy, Progressive has a duty to defend her in the underlying action by Justin Campbell and to indemnify her for any liability she may incur as a result of that proceeding. The parties submitted cross-motions for summary judgment.

On May 27, 2008, the circuit court entered its Order and Judgment denying Progressive's motion for summary judgment and granting Ulsas's motion and entering summary judgment in favor of Ulsas and against Progressive. The court found that: (1) the policy afforded coverage for the claims asserted by Justin Campbell, (2) Progressive had a duty and obligation to provide Ulsas with a defense on the claims asserted by Justin Campbell in the underlying action, and (3) Progressive had a duty and obligation to indemnify Ulsas for any liability she may incur in the underlying action up to the applicable limit of liability.

### Point on Appeal

On appeal, Progressive argues the circuit court erred in granting Ulsas's motion for summary judgment because the policy excludes coverage for Justin Campbell's alleged personal injuries and does not require Progressive to defend or indemnify Ulsas in the underlying action in that the policy excludes coverage for bodily injury to a relative of the named insured and Justin Campbell was such a relative as defined by the policy.

### Standard of Review

We review the trial court's grant of summary judgment essentially *de novo.*

*ITT Comm. Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). We will uphold summary judgment on appeal only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* The record is viewed in the light most favorable to the party against whom judgment was entered. *Citibrook II, L.L.C. v. Morgan's Foods of Missouri, Inc.,* 239 S.W.3d 631, 634 (Mo.App. E.D. 2007).

### Discussion

The policy provides in pertinent part:

### GENERAL DEFINITIONS

Except as otherwise defined in this policy, terms appearing in boldface will have the following meaning:

\* \* \*

14. **"Relative"** means a person residing in the same household as **you**, and related to **you** by blood, marriage, or adoption, including a ward, stepchild, or foster child. Unmarried dependent children temporarily away from home will be considered residents if they intend to continue to reside in **your** household.

\* \* \*

18. **"You"** and **"your"** mean a person shown as a named insured on the **Declarations Page,** and that person's spouse residing in the same household.

### PART I–LIABILITY TO OTHERS

### INSURING AGREEMENT—BODILY INJURY

Subject to the Limits of Liability, if **you** pay a premium for **bodily injury** liability coverage, we will pay damages, other than punitive or exemplary damages, for **bodily injury** for which an **insured person** becomes legally responsible because

of an accident arising out of the ownership, maintenance, or use of a **watercraft.**

\* \* \*

*ADDITIONAL DEFINITION*

When used in this Part I, "**insured person**" or "**insured persons**" means:

\* \* \*

2. any person with respect to an **accident** arising out of that person's use of a **covered watercraft** with the express or implied permission of **you** or a **relative;**

\* \* \*

*EXCLUSIONS*—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.

Coverage under this Part I, including **our** duty to defend, does not apply to:

\* \* \*

12. **bodily injury** to **you** or a **relative[.]**

■■■ "Generally, if a term is defined in an insurance policy, we look to that definition and nowhere else." *State Farm Fire & Cas. Co. v. Berra,* 891 S.W.2d 150, 152 (Mo.App. E.D.1995). Absent statutory restrictions, the parties will be bound by the terms and definitions they chose to use in the policy. *Id.* A policy is ambiguous when the meaning of the words in the policy are duplicitous, indistinct, or uncertain. *Id.* In the absence of ambiguity, or a statute or public policy requiring coverage, the policy must be enforced as written. *State Farm Mut. Auto. Ins. Co. v. Butler,* 904 S.W.2d 350, 352 (Mo.App. E.D.1995).

■■ The parties agree that Ulsas was a permissive user of a watercraft covered by the policy and, therefore, was an "insured" under Part I of the policy. The parties also agree that Ulsas is not related to Justin or Jack Campbell, but that Justin Campbell is related to Jack Campbell and lives in his household. The parties' primary dispute is whether the household exclusion serves to exclude liability coverage for bodily injury to Justin Campbell.

Progressive argues that they have no duty to defend or indemnify Ulsas in the underlying action because the policy excludes coverage for "bodily injury to you or a relative" and Justin Campbell is a "relative" of Jack Campbell. Ulsas contends Progressive agreed in the policy to pay damages for which she, as an insured, became legally responsible and that the household exclusion does not preclude coverage of a permissive user such as herself, who was neither a relative of the injured nor the named insured.

The policy states that coverage under Part I of the policy does not extend to "**bodily injury** to **you** or a **relative.**" The policy specifically provides that bolded terms should be defined as set forth in the general definitions section of the policy.

■■ The policy defines "**relative**" as "a person residing in the same household as **you,** and related to **you** by blood, marriage, or adoption[.]" The policy defines "**you**" as the named insured on the Declarations Page and that person's spouse residing in the same household. As the named insured on the Declarations Page, Jack Campbell is "**you**" under the policy. Therefore, "**relative,**" as defined by the policy, means a person residing in the same household as Jack Campbell and related to Jack Campbell by blood, marriage, or adoption. Ergo, the policy excludes coverage for bodily injury to Jack Campbell or a person residing in the same household as Jack Campbell and related to Jack Campbell by blood, marriage, or adoption. The parties agree that Justin Campbell is related to Jack Campbell and lives in his household. As such, the policy excludes coverage for bodily injury to Jus-

tin Campbell and Progressive is not required to defend or indemnify Ulsas in the underlying action. The circuit court erred in granting Ulsas's motion for summary judgment.[1]

### Conclusion

The judgment of the circuit court is reversed and the case is remanded for proceedings consistent with this opinion.

ROBERT G. DOWD, JR., P.J., and CLIFFORD H. AHRENS, J. concur.

---

1. Progressive also requests this court to review the circuit court's denial of its motion for summary judgment, however, a denial of a motion for summary judgment is generally not a final, appealable order. See *Giessow Restaurants, Inc. v. Richmond Restaurants, Inc.*, 232 S.W.3d 576, 580 (Mo.App. E.D. 2007).