**PROGRESSIVE MAX INSURANCE COMPANY, Plaintiff-Respondent,**

v.

**Matthew HOPKINS, Defendant-Appellant.**

**No. SD 34927**

Missouri Court of Appeals,
Southern District,
Division One.

Filed: Nov. 7, 2017

---

RONALD G. CLEEK, Ozark, MO, for Appellant.

JOAN M. SHERIDAN, Kansas City, MO, for Respondent.

DON E. BURRELL, J.

Matthew Hopkins ("Insured") appeals a declaratory judgment ruling that his motorcycle insurer, Progressive Max Insurance Company ("Progressive"), was entitled to set-offs from its underinsured motorist ("UIM") liability limit under the terms of its insurance policy ("the Policy"). The judgment resulted from cross-motions for summary judgment, and the following material facts are not in dispute.[1]

While riding his motorcycle, Insured was struck by a vehicle operated by another motorist ("Tortfeasor"). Insured was seriously injured and sustained damages exceeding $127,000. Tortfeasor had liability insurance provided by Farmers Insurance ("Farmers"), and it paid Insured $25,000—the per-person bodily injury limit under its policy ("the bodily injury set-off"). Shortly after the collision occurred, Progressive paid Insured $2,500—the medical payments coverage limit provided under the Policy ("the med-pay set-off").[2]

---

1. Insured's cross-motion for summary judgment stated "[t]hat [he] would adopt as his own the facts as presented by [Progressive in its motion for summary judgment] as to be true and correct with the exception of certain facts as stated herein." Insured did not "set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements" as required by Rule 74.04(c)(2). Moreover, the "certain facts" that Insured then listed were not supported by "specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." *Id.* Because Insured's response to Progressive's motion for summary judgment failed to comply with Rule 74.04(c)(2), the factual allegations in Progressive's statement of uncontroverted material facts are deemed admitted, and we must treat them as true for purposes of this opinion. *See id.* All rule references are to Missouri Court Rules (2017).

2. We will refer collectively to the bodily injury set-off and the med-pay set-off as "the set-offs."

After subtracting the set-offs from the Policy's $100,000 UIM coverage limit, Progressive ultimately paid Insured $72,500 in UIM benefits. Believing himself entitled to receive the full UIM coverage benefit as stated on the declarations page of the Policy without any set-offs, Insured timely appealed the judgment. Because the Policy unambiguously provided for the set-offs, we affirm.

### Applicable Principles of Review

Our review of a summary judgment is essentially *de novo. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We view the record in the light most favorable to the non-moving party, drawing all inferences in that party's favor. *Id.* We will uphold the grant of summary judgment only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* at 380.

 The interpretation of an insurance policy is also a question of law that we review *de novo. Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007). In so doing, we apply the meaning " 'which would be attached by an ordinary person of average understanding if purchasing insurance,' " (quoting *McCormack Baron Mgmt. Services, Inc. v. Am. Guarantee & Liability Ins. Co.*, 989 S.W.2d 168, 171 (Mo. banc 1999)), and "[we] [resolve] ambiguities in favor of the insured." *Id.* An ambiguity exists if the language " 'is reasonably open to different constructions.' " *Id.* (quoting *Gulf Ins. Co. v. Noble Broadcast*, 936 S.W.2d 810, 814 (Mo. banc 1997)). "Courts are not to interpret the provisions of an insurance policy in isolation but rather are to examine the policy as a whole." *Wasson v. Shelter Mut. Ins. Co.*, 358 S.W.3d 113, 121 (Mo. App. W.D.

2011). " 'If the language in an insurance contract is clear and unambiguous, this Court must construe the contract as written[.]' " *Gavan v. Bituminous Cas. Corp.*, 242 S.W.3d 718, 720 (Mo. banc 2008) (quoting *Bellamy v. Pacific Mut. Life Ins. Co.*, 651 S.W.2d 490, 495 (Mo. banc 1983)).

### The Policy

Under the heading **"Outline of coverage"** the Policy's declarations page states: **"All limits listed below are subject to all terms, conditions, exclusions and applicable reductions described in the [P]olicy."** The UIM coverage limit is listed therein as "$100,000 each person/$300,000 each accident[.]" [3]

**PART III(B)—UNDERINSURED MOTORIST COVERAGE** of the Policy provides, in pertinent part:

**LIMITS OF LIABILITY**

The limit of liability shown on the declarations page for Underinsured Motorist Coverage will be reduced by all sums:

1. paid because of **bodily injury** by or on behalf of any persons or organizations that may be legally responsible, including, but not limited to, all sums paid under Part I—Liability to Others;

2. paid or payable under Part II—Motorcycle Medical Payments Coverage[.]

### Analysis

Insured's sole point maintains: "The [trial] court clearly erred by failing to find that [the Policy] was ambiguous because the Policy gave the med-pay to [Insured] in one portion of the Policy and took the med-pay away when the request was made for the UIM portion of the Policy." Al-

---

**3.** There is no dispute that the "$300,000 each accident" amount is not applicable under the undisputed material facts of this case.

though it is not contained in his point, the argument and conclusion portions of Insured's brief take similar issue with the bodily-injury set-off.

■ We begin by noting that Insured's point is deficient in several respects. First, the bodily injury set-off issue is not preserved for appellate review because it is not included in the point. *See* ***State ex rel. Wilson v. Brown***, 897 S.W.2d 171, 173 (Mo. App. S.D. 1995) ("Our review is restricted to the issue raised in the point relied on"). The point also fails to comply with Rule 84.04(d)(1)(B)-(C) in that it omits any explanation of why the alleged error (the trial court's "fail[ure] to find that [the Policy] was ambiguous") constitutes reversible error in the context of the case. As previously noted, summary judgment is appropriate only if there is no issue as to any material fact and the movant is entitled to judgment as a matter of law. Rule 74.04(c). Insured's brief fails to make any reference to that standard. Insured's claim is also unpreserved because his brief fails to make any citations to the statement of uncontroverted material facts. *See* Rule 84.04(e); ***Duncan v. Duncan***, 320 S.W.3d 725, 727 (Mo. App. E.D. 2010).

Progressive has not requested that the appeal be dismissed due to these briefing defects, and its own brief substantively addresses the propriety of both the medpay set-off and the bodily-injury set-off. Our discretionary *ex gratia* review of Insured's complaint reveals that it has no merit. Although Insured correctly references the general legal proposition that an ambiguity exists if an insurance policy promises coverage at one point and then takes it away at another, *see, e.g.*, ***Nationwide Ins. Co. of Am. v. Thomas***, 487 S.W.3d 9, 12 (Mo. App. E.D. 2016), he fails to cite the UIM coverage language and applicable set-off language at issue here, let alone explain why such language might be ambiguous.

■ Progressive claims, and we agree, that the Policy's set-off provisions are unambiguous and are akin to those upheld in ***Owners Ins. Co. v. Craig***, 514 S.W.3d 614 (Mo. banc 2017). In that case, our high court observed:

In the UIM context, this Court has previously held that an ambiguity exists when the policy contains both: (1) express language indicating the insurer will indeed pay up to the declarations' listed limit amount; and (2) set-off provisions ensuring the insurer will never be obligated to pay such amount. *See Manner*[ *v. Schiermeier* ], 393 S.W.3d [58,] 66 [ (Mo. banc 2013) ]; *Ritchie*[ *v. Allied Property & Cas. Ins. Co.*], 307 S.W.3d [132,] 140–41 [ (Mo. banc 2009) ]; *Jones v. Mid-Century Ins. Co.*, 287 S.W.3d 687, 690–93 (Mo. banc 2009). The ambiguity arises from the fact that both statements cannot be true; either the insurer will sometimes pay up to the declarations listed limit, or the amount it will pay always will be limited by the amount paid by the underinsured motorist.

*Id.* at 617. The Court then held that no such ambiguity existed in the policy at issue, noting that it contained "no express language indicating the insurer will pay up to the declarations' listed limit amount[.]" *Id.* at 617. Instead, it explicitly stated that "the declarations' listed limit amount is 'for reference purposes only' and '[u]nder no circumstances' will Owners have a duty to pay that entire amount." *Id.* In so holding, the Court observed:

A policy that plainly states it only will pay the difference between the amount recovered from the underinsured motorist and the [declarations' listed limit amount] is enforceable. In such a case, the mere fact that [the declarations' listed limit amount] will never be paid out is not misleading, for the policy never

suggests that this is its liability limit and never implies that it may pay out that amount.

*Id.* (quoting *Ritchie*, 307 S.W.3d at 141 n.10 (alterations in original)). The policy holders' reliance on the limit amount listed in the declarations page was unavailing because "[t]he declarations 'do not grant any coverage. The declarations state the policy's essential terms in an abbreviated form, and when the policy is read as a whole, it is clear that a reader must look elsewhere to determine the scope of coverage.'" *Id.* at 617 (quoting *Floyd-Tunnell v. Shelter Mut. Ins. Co.*, 439 S.W.3d 215, 221 (Mo. banc 2014)).

Here, Insured's reliance on the $100,000 UIM coverage benefit as listed on the declarations page of the Policy is similarly misguided. Like the policy at issue in *Craig*, the Policy contains no guarantee that Progressive will pay the entirety of the listed benefit. Rather, the Policy's declarations page (containing an "*Outline* of coverage" (emphasis added)) and Part III(B) (specifically addressing UIM coverage) explicitly state the opposite, i.e., that the limits of liability for UIM coverage, "**are subject to all terms, conditions, exclusions and applicable reduction described in the policy[,]**" including reduction by sums "paid because of **bodily injury** by or on behalf of any persons or organizations that may be legally responsible" and "paid or payable under Part II—Motorcycle Medical Payments Coverage[.]"

█ In tacit acknowledgement that *Craig* did not involve a UIM coverage set-off for medical payments paid by the policy owner's insurer, *see Craig*, 514 S.W.3d at 615-16, Progressive suggests that no published case addresses a UIM set-off for medical payments. Our own research has also failed to reveal any such case. In the absence of such authority, we see no legal or logical reason why an unambiguous medical payments set-off should be treated any differently from a set-off for amounts recovered from an underinsured, at-fault motorist as in *Craig*. Neither Missouri statute nor public policy requires UIM coverage, *Long v. Shelter Ins. Companies*, 351 S.W.3d 692, 696 (Mo. App. W.D. 2011), and an insurance contract that does not violate public policy will be enforced as written. *Am. Standard Ins. Co. of Wis. v. Bracht*, 103 S.W.3d 281, 286-87 (Mo. App. S.D. 2003).

Insured's point is denied, and the judgment of the trial court is affirmed.

MARY W. SHEFFIELD, P.J.—CONCURS

GARY W. LYNCH, J.—CONCURS

