

# Missouri Court of Appeals
## Southern District
### Division One

| | |
|---|---|
| DANNY R. BROWN and DIANA BROWN, Individually and as Husband and Wife, | ) ) ) |
| | ) |
| Plaintiffs-Respondents, | ) |
| | ) |
| vs. | ) No. SD35329 |
| | ) |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) Filed April 17, 2019 ) |
| | ) |
| Defendant-Appellant. | ) |

### APPEAL FROM THE CIRCUIT COURT OF OREGON COUNTY

Honorable Harvey S. Allen

### REVERSED AND REMANDED WITH DIRECTIONS

American Family Mutual Insurance Company ("American Family") appeals the trial court's judgment in favor of Danny and Diana Brown (individually referred to by their first names and collectively referred to as "the Browns"). In that judgment, the trial court determined that the Browns' four American Family auto insurance policies ("the Policies") are ambiguous as to whether the Policies' underinsured motorist ("UIM") coverage limits stack.[1] Because the Policies unambiguously prohibit stacking, we reverse and remand.

---

[1] In this context, "stack" or "stacking" refers to "[a]n insured's ability to obtain multiple insurance coverage benefits for an injury either from more than one policy, as where the insured has two or more separate vehicles under separate policies, or from multiple coverages provided for within a single policy, as when an insured has one policy

1

## The Policies

Each of the Policies' declarations contain a $100,000 maximum per person UIM coverage limit.[2]  The dispute as to whether these UIM coverage limits stack, as framed by the parties in the trial court and now on appeal, revolves around the provisions in the "limits of liability" and "other insurance" sections of the Policies' UIM endorsements.  Those sections, which are identical in the Policies, provide as follows:

LIMITS OF LIABILITY

The limits of liability of this coverage as shown in the declarations apply, subject to the following:

1.  The limit for each person is the maximum we will pay for all persons as the result of bodily injury to one person in any one accident.

2.  Subject to the limit for each person, the limit for each accident is the maximum for bodily injury sustained by two or more persons in any one accident.

We will pay no more than these maximums no matter how many vehicles described in the declarations, insured persons, claims, claimants or policies or vehicles are involved.

The limits of liability of this coverage may not be added to or stacked onto the limits of liability of any other underinsured motorist coverage issued by us to you or any member of an insured person's household.

***

OTHER INSURANCE

If there are any limits of liability remaining after applying the reductions provided for in the "Limits of Liability" section of this endorsement and if there is other underinsured motorist insurance provided by another insurance company on a loss covered by this endorsement, we will pay our share according to this policy's proportion of the total remaining limits to the remaining limits of all underinsured motorist insurance provided by other insurance companies.  But, any remaining limits of insurance provided under this endorsement for an insured person while

---

which covers more than one vehicle."  ***Niswonger v. Farm Bureau Town & Country Ins. Co.***, 992 S.W.2d 308, 313 (Mo.App. 1999).
[2] The Policies also each contain a $300,000 maximum per accident UIM coverage limit.  Neither American Family nor the Browns contend that this per accident coverage limit is implicated under the facts and circumstances of this case.

occupying a vehicle you do not own is excess over all other underinsured motorist insurance provided by all other insurance companies.

## Background

On July 27, 2007, Danny was riding as a passenger in a vehicle owned by the Missouri National Guard that was struck from behind by an underinsured motor vehicle. Danny's resulting injuries gave rise to bodily injury and loss of consortium claims that totaled $290,000. As compensation for these damages, the Browns received $50,000 from Missouri Farm Bureau Insurance Company, the full liability limit under the insurance policy covering the underinsured motor vehicle; and $100,000 from American Family in UIM benefits. No insurance company, other than American Family, provided UIM coverage to the Browns for the accident. The Browns' uncompensated damages, therefore, totaled $140,000.

The Browns filed suit against American Family, contending that each of the Policies provide $100,000 in UIM coverage and that, because the Policies are ambiguous as to whether these amounts can be stacked, the Policies should be construed in the Browns' favor to stack up to $400,000 in UIM coverage. The parties filed a joint stipulation of facts and then each sought summary judgement in their respective favor. The Browns argued that they were entitled to summary judgment because the Policies "stack as a result of the 'other insurance' clause contained within each policy of insurance" and that "the ambiguity between the 'other insurance' clause and the 'limits of liability' must be ruled in favor of [the Browns], as insureds." American Family argued that it was entitled to summary judgment because the provisions in these sections unambiguously prohibit the stacking of UIM coverage.

The trial court ultimately agreed with the Browns, construed the Policies to allow stacking, and entered judgment in favor of the Browns and against American Family for

3

$140,000.  American Family timely appeals, contending in two points that the trial court's summary judgment was erroneous.

## Standard of Review

The interpretation of an insurance policy is a question of law that we determine *de novo*. ***Burns v. Smith***, 303 S.W.3d 505, 509 (Mo. banc 2010).  "Where, as here, the trial court granted summary judgment, this Court also applies a *de novo* standard of review."  ***Id.***  "In construing the terms of an insurance policy, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and resolves ambiguities in favor of the insured."  ***Seeck v. Geico Gen. Ins. Co.***, 212 S.W.3d 129, 132 (Mo. banc 2007) (internal quotation marks and citations omitted).  "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language of the policy."  ***Id.***

## Discussion

We begin by addressing American Family's second point relied on, which contends that the trial court erred in granting the Browns' motion for summary judgment and denying American Family's cross-motion for summary judgment because "the [Four Policies] unambiguously prohibit stacking[.]"

The Browns do not dispute that the "limits of liability" section in the Polices, standing alone, unambiguously prohibits the stacking of the Policies' UIM coverage limits.  They argue, however, that the Policies, when read as a whole, are ambiguous as to whether stacking is allowed because the second sentence of the "other insurance" section provides that "any remaining limits of insurance provided under this endorsement for an insured person while occupying a vehicle you do not own *is excess* over all other underinsured motorist insurance provided by all other insurance companies[]" ("the excess clause").  (Emphasis added). According to the Browns, the excess clause appears to the average person of ordinary

4

understanding to permit the stacking of the Policies' UIM coverage limits when the insured person is occupying a non-owned vehicle, as Danny was here.

In refuting the Browns' ambiguity argument, American Family directs this court to a recent decision by our Western District, *Kissinger v. American Family Mut. Ins. Co.*, 563 S.W.3d 765 (Mo.App. 2018), as supporting its argument that the Policies are not ambiguous in prohibiting stacking. Counsel for the Browns acknowledged during oral argument that *Kissinger* is on point with the stacking issue presented here, and we agree.

At issue in *Kissinger*, among others, was whether an American Family insurance policy, containing the exact same "limits of liability" and "other insurance" sections as presented here, created an ambiguity when read alongside the insurance policy's clear provisions prohibiting stacking.[3] *Id.* at 785–89. American Family there argued that "the phrase 'by all other insurance companies' unambiguously means insurance companies other than [American Family], and could not be read by an ordinary person of average understanding to include other policies issued by the same insurer." *Id.* at 788. The court agreed, concluding that

> the phrase "by all other insurance companies" plainly and unambiguously comments on *who* has issued the other UIM coverage or insurance, and has no reasonable meaning except to differentiate between [American Family] and all other companies issuing policies affording similar coverage. We conclude, therefore, that the other insurance provision in the UIM endorsement in Kissinger's policies does not conflict with the anti-stacking provisions in Kissinger's policies as to render Kissinger's policies ambiguous. The UIM coverage afforded by Kissinger's policies cannot be stacked. The trial court erred in concluding to the contrary.

*Id.* at 789.

---

[3] Like in *Kissinger*, the Policies here have a general anti-stacking provision that states, "**Two or More Cars Insured**. The total limit at our liability under all policies issued to you by us shall not exceed the highest limit of liability under any one policy." The Browns make no claim that this provision assists them in their ambiguity argument.

In reaching this conclusion, the **Kissinger** court expressly considered, analyzed, and distinguished **Manner v. Schiermeier**, 393 S.W.3d 58, 65 (Mo. banc 2013) (stating that coverage was "excess over *any other similar insurance*" (emphasis added)), and **Ritchie v. Allied Prop. & Cas. Ins. Co.**, 307 S.W.3d 132, 137 (Mo. banc 2009) (stating that coverage was "excess over *any other collectible underinsured motorist coverage*" (emphasis added)). Our Western District determined that the contract language in those cases "did not differentiate between, or refer in any manner to, the company issuing the 'other coverage or insurance,' permitting an ordinary person of average understanding to conclude that 'other coverage or insurance' meant just that— other coverage or insurance **by whomever issued**." **Kissinger**, 563 S.W.3d at 789.

The Browns' ambiguity argument here is built upon **Manner** and **Ritchie** and, in addition, **Chamness v. American Family Mut. Ins. Co.**, 226 S.W.3d 199, 201 (Mo.App. 2007) (stating that coverage was "excess over *any other similar insurance*" (emphasis added)), and **American Family Mut. Ins. Co. v. Ragsdale**, 213 S.W.3d 51, 54 (Mo.App. 2006) (same). Because **Chamness** and **Ragsdale** were decided based upon the same "any other similar insurance" language as at issue in **Manner**, they are distinguishable here for the same reason **Manner** was distinguished in **Kissinger**.

By the terms of the excess clause *in this case*, the limits of insurance referenced therein is "excess over all other underinsured motorist insurance provided *by all other insurance companies*." (Emphasis added). The Policies, all of which were issued to the Browns by American Family, do not meet this criteria. As such, the excess clause does not provide for the stacking of the Policies and, therefore, does not render the Policies ambiguous as to the anti-stacking provisions in the "limits of liability" section. *See* **Kissinger**, 563 S.W.3d at 789. The trial court erred in concluding otherwise.

This does not end our discussion, however, because American Family also asserts that "it is proper for the Court to reach the merits of the trial court's denial of [American Family]'s Cross-Motion for Summary Judgment, because the issues are 'inextricably intertwined' with the issues raised in [the Browns'] Motion for Summary Judgment." (Citing **Grissom v. First Nat'l Ins. Agency**, 371 S.W.3d 869, 879 (Mo.App. 2012)). We agree. Here, the denial of the Browns' summary judgment motion leads directly to the conclusion that American Family's cross-motion should be granted. *Cf.* **Lero v. State Farm Fire and Cas. Co.**, 359 S.W.3d 74, 82 (Mo.App. 2011) (holding that opposing summary judgment motions on the issue whether an auto insurance policy provided UIM coverage were inextricably intertwined). The Browns do not argue otherwise. American Family's second point is granted.[4]

### Decision

We reverse the trial court's judgment and remand the case with directions to the trial court to grant American Family's motion for summary judgment and to enter judgment in favor of American Family accordingly.

GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, JR., P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs

---

[4] Because granting American Family's second point dictates reversal and entry of judgment in American Family's favor, we do not need to reach the merits of American Family's first point relied on. That point asserts that the conditions necessary to invoke the "other insurance" section were not met because, aside from American Family, there was no UIM coverage provided by another insurance company. Since that section does not apply, the argument continues, there is no need to determine, in this case, whether it renders the "limits of liability" section ambiguous. By reaching and addressing the latter issue only, we render no opinion as to whether the facts and circumstances necessary for the section to apply, in the first instance, were met in this case.

7